IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

EDWARD H. WADE, JR.                                                    PLAINTIFF

v.                             Civil No. 06- 3063

JUDGE MARIANNE McBETH;
DEVIN GOODMAN, Deputy
Prosecuting Attorney; and
JASON HUNT, Carroll County
Investigator                                                     DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the plaintiff pursuant to 42 U.S.C. § 1983. The plaintiff proceeds pro se and *in forma pauperis*. The plaintiff is a detainee of the Carroll County Detention Center. The case is before the undersigned for a determination of whether service of process should issue.

## **DISCUSSION**

According to the allegations of the complaint, plaintiff was arrested on July 6th. Plaintiff alleges he was detained for contraband found in a residence that did not belong to him. He maintains the residence was searched before a search warrant was obtained. Plaintiff is currently incarcerated and awaiting trial. He asks this court to lower the bond that has been set at $750,000.

This case is subject to dismissal. First, Judge Marianne McBeth is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action [s]he took was in error, was done

maliciously, or was in excess of [her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Wade does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that

AO 72A
(Rev. 8/82)

a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent Wade seeks injunctive relief his claims are subject to dismissal.

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *Pulliam,* 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22. *See also Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted). *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law). *See also J&M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate).

Second, Devin Goodman, a prosecuting attorney is not subject to suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

AO72A
(Rev. 8/82)

To the extent Wade's complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Wade can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Third, to the extent the complaint can be read to be asserting a claim for damages, it is barred by the Supreme Court decision of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.

The rationale of *Heck* has been applied to § 1983 complaints filed while the criminal charges are pending. *See e.g., Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996). In *Smith*, the Third Circuit stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and

AO 72A
(Rev. 8/82)

> a *potential* conviction on a pending charge that may be entered at some point thereafter.

*Smith*, 87 F.3d at 113.

To the extent Wade's claims are not barred by *Heck*, abstention is appropriate. "In *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City*, 197 F.3d 321, 325 (8th Cir. 1999), *cert. denied*, 529 U.S. 1038, 120 S. Ct. 1534, 146 L. Ed. 2d 348 (2000). Abstention under *Younger* "is warranted if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." *Id.* (*citing Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)).

Here, Wade's claims stem from the fact that he was arrested and is being held on what he believes is an excessive bond. Criminal charges are currently pending. The issue of whether the evidence should be suppressed and whether probable cause existed for his arrest can be litigated in the state court criminal case. To allow Wade's action to proceed at this point would require this court to interfere in ongoing state criminal proceedings, and this court will not do so absent extraordinary circumstances. No such circumstances exist here and abstention is appropriate.

-5-

AO72A
(Rev. 8/82)

## **CONCLUSION**

I therefore recommend the case be dismissed on the grounds the claims are frivolous, fail to state claims upon which relief may be granted, are asserted against individuals immune from suit, or are not presently cognizable under § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Wade has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Wade is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of November 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)